## UNITED STATES *v.* DE HARO.

### MAHONEY, Intervenor, *v.* UNITED STATES.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

Nos. 81 and 146.   Argued December 27 and 28, 1865. — Decided January 15, 1866.

A plat made in 1853 of land adjudged to be covered by a Mexican grant, and confirmed in 1862, is sustained as the correct designation of the property covered by the grant.

THE case is stated in the opinion.

MR. JUSTICE GRIER delivered the opinion of the court.

The only question on these cases is, as to the location of the half league confirmed to the heirs of De Haro. The boundaries as described in the diseño annexed to the grant, would include a much larger quantity; all of which was claimed by the heirs. The District Court, affirming the decision of the board of commissioners, confirmed their title to the extent only of *"half a square league, being one league from north to south and half a league from east to west,* to be located according to, and within the calls of, the original grant, &c., regard being had to the occupation of the original grantee and the ancestor of the present claimant."

While the case was pending before the board, a preliminary survey was made, at the suggestion of the heirs, by the surveyor general. This survey exhibited a plat not only of the outside boundary of the diseño, but also those of the half league selected out of the whole, in case they could get no more. In 1853 the surveyor caused the sobrante or overplus land outside of the half league to be surveyed into sections as public lands. These sections have been settled and improved by parties claiming under the

government. On the 18th June, 1862, the District Court, after a full hearing of the parties, ordered a survey to be made in accordance with the election of the claimants made in 1853, "as evidenced by the plat of a survey of said lands by Leander Ransom, United States deputy surveyor," &c. The question whether such an election had been made was disputed, and fully examined by the court, as is shown by the opinion of the learned judge on the record. His reasons for the conclusion he arrived at need not be repeated. Suffice it to say, they fully demonstrate the correctness of the order made by the court.

The survey of Ransom conformed to all the calls of the decree, except that it did not include an abandoned improvement and building once made by Galindo, the original grantee. De Haro, who purchased from him, made his settlement and possession on another portion of the tract described in the diseño. He certainly had a right to do so; and his heirs, in selecting the best land for their half league, had a right to exclude the abandoned possession of Galindo. The land selected by them included the "actual occupation of their ancestor," and was in the form prescribed by the decree of the court. To include the abandoned occupation of Galindo, it would not conform to the other calls of the decree.

A survey, made according to this order or decree, ought to have satisfied all parties, as it did justice to all concerned. But, as nine years had elapsed since the Ransom survey was made, the state of the country in this region was much changed, and a new party intervened. Mahoney had purchased the title of the heirs of De Haro and the claimants under the United States had made valuable improvements. If this new party could set aside the selection made by those under whom he claimed, and make a new selection covering the improvements made by those claimants, it is not doubted he could have made a selection more satisfactory to *himself*, at the expense of the other claimants.

Soon after the date of this order or decree of the court, David Mahoney intervenes and petitions the court for a rehearing. In this petition he impugns the decision of the court as to the Ransom survey, denies that it was sanctioned by the heirs, and alleges fraud in the "*sectionizing*" the lands by the public officers.

The court, on this petition, reconsidered their decree, and made another on the 27th of June, 1863, according to another survey made on the 15th of June preceding. This survey is objected to by all the parties interested; by the United States, because it covers land claimed by settlers and purchasers from the govern-

ment; and, by Mahoney, because it does not include more of the land so occupied and improved.

This change of location is made, not because the selection made in 1853 was not made by consent of the heirs, or because the fraud charged upon the public officers was proved, or ought to affect the title of those claiming under the government, but because the land selected by them did not include the abandoned settlement made by Galindo.

Now if the heirs had a right to select within the boundaries of the original diseño; if their selection conformed with all the other calls of the decree, as to the length and breadth of the half league, and included the portion occupied by De Haro, their ancestor, no one had a right to complain if they rejected the abandoned occupation of Galindo. A tract, one league from north to south and half a league from east to west, including the land occupied by De Haro, cannot be made to include the other calls of the decree.

We are of opinion, therefore, that

> The order or decree made on the 27th of June, 1863, should be set aside, and that made on the 18th day of June, 1862, be confirmed, and that the appeal of Mahoney be dismissed.

*Mr. Attorney General, Mr. J. A. Wills* and *Mr. Joseph H. Bradley* for the United States.

*Mr. J. S. Black* and *Mr. W. H. Tompkins* for De Haro *et al.* and Mahoney.